UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 2015-23035-KMW

GEORGE THOMAS,

Plaintiff,

v.

NCL (BAHAMAS), d/b/a
NORWEGIAN CRUISE LINE,

Defendant.
_____/

**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, GEORGE THOMAS, by and through the undersigned attorney, and pursuant to Federal Rule of Civil Procedure 15(a) hereby file his Second Amended Complaint and sues Defendant, NCL (BAHAMAS) d/b/a NORWEGIAN CRUISE LINE (hereinafter "NCL") and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by the Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all material times hereto, GEORGE THOMAS, is and was a resident of Texas.

4. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

5. At all times material hereto, NCL, owned, operated, maintained, managed, and/or controlled the cruise ship *Jewel*. NCL is vicariously responsible for the negligence of its employees and/or agents under the doctrine of respondeat superior.

6. On or about March 12, 2015, GEORGE THOMAS was a fare-paying passenger aboard the *Jewel*.

7. On March 12, 2015, an NCL (BAHAMAS), Ltd., employee was working on Deck Thirteen of the *M/V Jewel*. The employee was sweeping with a broom and dustpan. The employee swept in the area around a dangerous puddle of liquid on the deck but did not clean the liquid and did not warn passengers of the presence of the liquid. The employee left the area. Shortly thereafter, the Plaintiff, GEORGE THOMAS, walked across the deck and slipped and fell in the dangerous puddle of clear liquid which contained dirt, sand, and/or other debris that indicated that the substance was left on the deck for an unreasonable period of time. Mr. Thomas suffered a fractured fibula in the fall.

## COUNT I
## NEGLIGENCE

Plaintiff hereby adopts and incorporates paragraphs 1 through 7 as if fully set-forth herein, and alleges as follows:

8. At all times material hereto, NCL had a duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Jewel*, in a reasonably safe condition and manner.

9. Additionally, at all times material hereto, NCL owed a duty to its guests, including GEORGE THOMAS, to warn them of any unreasonably dangerous conditions on the vessel of which it was aware or should have been aware through the exercise of due diligence.

10. Prior to this incident, NCL knew or should have known that the condition and design of the exterior deck was unreasonably dangerous when wet. In addition, NCL had notice of the dangerous condition because NCL participated in the design of the *Jewel* and, upon information and belief, other crewmembers and/or passengers have been injured by the subject dangerous condition of the deck when wet. Therefore, NCL should have taken measures to remedy the dangerous condition of the deck when wet and/or NCL should have warned passengers and crew of this dangerous condition in the exercise of reasonable care.

11. NCL breached the aforementioned duties of care owed to GEORGE THOMAS in the following ways:

   a. Failing to maintain the vessel, including the exterior deck, in a reasonably safe condition;

   b. Failing to warn guests, including GEORGE THOMAS, of a hazardous and/or dangerous condition when NCL knew, or should have known through the exercise of reasonable care, of this dangerous condition;

   c. Failing to take any precautionary measures so that passengers were not injured while walking on the exterior deck, including, but not limited to, installing a surface with a high coefficient of friction to reduce slip and fall injuries;

   d. Failing to properly monitor the exterior deck for safety;

   e. Failing to warn the Plaintiff of the subject dangerous puddle of which NCL knew, or in the exercise of reasonable care, should known existed;

    f.  Failing to reasonably clean the subject dangerous puddle which NCL knew or should have known existed in the exercise of reasonable care;

    g.  Failing to remedy a hazardous and/or dangerous condition of which NCL knew or should have known; and

    h.  Other acts of negligence to be discovered throughout discovery.

12. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, GEORGE THOMAS, was injured, suffered pain therefrom, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, lost wages and loss of the ability toe arn money, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, GEORGE THOMAS, demands judgment for damages against the Defendant, NCL, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post judgment interest, and costs in bringing this action, and further demands trial by jury.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 25, 2016 I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that electronic copies of this document will be disseminated to counsel of record by e-mail through CM/ECF.

**THE FLANAGAN LAW FIRM**
*Counsel for Plaintiff*
2100 Ponce de Leon Blvd.
Suite 1180
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

       BY  /s/ *Michael T. Flanagan*
          Michael T. Flanagan, Esq.
          Fla. Bar. 0091072
          Primary E-mail:  mtf@Florida-Justice.com
          Secondary E-mail: mtfassistant@Florida-Justice.com